IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JUAN LANDON,       § | |
|     Petitioner,       § | |
| § | |
| v.       § | Cause No. EP-23-CV-460-KC |
| § | |
| S. HIJAR, Warden,       § | |
|     Respondent.       § | |

## **DISMISSAL ORDER**

Petitioner Juan Landon, federal prisoner number 67024-509, challenged the execution of his sentence through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. He asked the Court to intervene on his behalf and order Respondent S. Hijar to grant him additional credit toward his release from prison pursuant to the First Step Act. *Id.* at 7. He conceded he had not exhausted his administrative remedies with the Bureau of Prisons but argued—incorrectly—that only the Court could determine his eligibility for benefits under the First Step Act. *Id.* at 2.

Landon is a 30-year-old inmate serving a 60-month sentence imposed after he pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute more than 40 grams of Methylenedioxymethamphetamine (also known as MDMA) and conspiracy to distribute more than one gram of lysergic acid diethylamide (also known as LSD) in cause number 3:21-CR-2153-CAB-5 in the Southern District of California. He agrees that he possessed a firearm in connection with the offense and is not eligible for safety valve or any relief from the 60-month mandatory minimum sentence. *See* Plea Agreement, ECF No. 152 at 10 in his criminal case. He is confined at the La Tuna Federal Correctional Institution in Anthony, Texas. *See* Bureau of Prisons, Find an Inmate, www.bop.gov/inmateloc (search for Reg. 67024-509, last visited Dec. 28, 2023). His projected release date is September 2, 2025. *Id.*

Landon did not pay the $5.00 filing fee or apply to proceed *in forma pauperis* (without prepaying costs and fees) when he submitted his petition. He was accordingly ordered by the Court on December 29, 2023, to either (1) pay the filing fee or (2) apply to proceed *in forma pauperis* within twenty-one days of the entry of the order. He was warned by the Court that his failure to comply with the Court's order within the time specified could result in the dismissal of his petition without further notice to him, pursuant to Federal Rule of Civil Procedure 41(b). *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.1998). "This authority [under Rule 41(b)] flows from the Court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). As of this date, Landon has neither paid the filing fee nor applied to proceed *in forma pauperis*.

Accordingly, after due consideration, **IT IS ORDERED** that Landon's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order. **IT IS FURTHER ORDERED** that Landon's civil case is **CLOSED**.

**SIGNED this 14th day of February, 2024.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE